```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                  PINE BLUFF DIVISION
```

JAMES SOLOMON                                              Plaintiff

v.                          5:04CV00427 HLJ

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,[1]                                Defendant

## MEMORANDUM AND ORDER

Defendant has moved to dismiss this case for want of subject matter jurisdiction, urging that Plaintiff has failed to exhaust his administrative remedies and thus there has been no final decision of the Commissioner from which to appeal. Although time has passed, Plaintiff has not responded to Defendant's motion to dismiss.

> (g) Judicial review.  Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405 (1995).

> (h) Finality of Commissioner's decision.  The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . .

Id.

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

In conjunction with his motion, Defendant has filed the affidavit of an appropriate official of the Social Security Administration. That affidavit and attached exhibit show that an administrative hearing was held before an Administrative Law Judge (ALJ), who issued a ruling finding Plaintiff not disabled May 10, 2004. Plaintiff sought review by the Appeals Council, which remanded the case to the ALJ. No final decision of Commissioner has been rendered.

The Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted. Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992).

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger v. Salfi, 422 U.S. 749, 765 (1975).

It is clear that Plaintiff failed to exhaust his administrative remedies. Defendant's motion to dismiss is well-taken.

THEREFORE, Defendant's motion to dismiss (docket #5) is granted, and Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 14th day of August, 2007.

_Henry L. Jones, Jr._
UNITED STATES MAGISTRATE JUDGE